UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ITAY KESHET,

                       Plaintiffs,                  Index No. 20-CV-_____

        -against-

THE CITY OF NEW YORK, THE NEW YORK      **COMPLAINT AND**
CITY DEPARTMENT OF CORRECTION,             **JURY DEMAND**
DETECTIVE LUIS COTES, and JOHN DOES
#1-#10,

                      Defendants.
-------------------------------------------------------------------X

      Plaintiff ITAY KESHET, by his counsel, HOGAN & CASSELL LLP, for his Complaint alleges as follows.

## INTRODUCTION

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by, *inter alia*, 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the New York State Constitution.

2. The claims arise from incidents on or about March 13, 2019 in which Officers of the New York City Police Department ("NYPD") and personnel of the New York City Department of Correction ("DOC"), acting under color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment, excessive force, and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## VENUE AND JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000, excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that defendant City of New York ("City") is located within, and is a substantial part of the events giving rise to the claims as they occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Itay Keshet is an individual, and is now and at all times mentioned in this complaint a legal resident of the City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, defendant City, acting through the NYPD and DOC, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD and DOC matters, respectively, and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD and DOC personnel. In addition, at all times here relevant, defendant City was responsible for enforcing the rules of the NYPD and DOC, and for ensuring that NYPD and DOC personnel obey the laws of the United States and the State of New York.

9. Detective Luis Cotes was, at all time herein, a police officer employed by the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City. Upon information and belief, at all times relevant hereto, Detective Cotes was plaintiff's

"arresting officer" and was under the command of the 90th Precinct of the NYPD. Defendant Cotes is sued in his individual capacity.

10. John Does #1-10, inclusive, are individuals whose names currently are unknown to plaintiff, are employees of the NYPD and/or DOC, and are sued in their individual capacities.

11. At all times here mentioned, defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. Plaintiff is a medical doctor, licensed in the States of New York, Ohio, Wisconsin, Iowa, Minnesota, Montana and California.

13. On March 12, 2019, plaintiff resided with an individual named William Dane in an apartment in a building known as and located at 71 Scholes Street, County of Kings, State of New York.

14. At approximately 3:02 p.m. that day, United States Postal Inspector Michelle Purnavel and two male individuals came to plaintiff's residence and Inspector Purnavel requested that Plaintiff sign for two (2) packages which she was holding and attempting to deliver to him at the open door to his apartment.

15. One of the male individuals accompanying Inspector Purnavel was later identified as Detective Luis Cote, shield #1298 of the Criminal Enterprise Investigation Section of the New York City Police Department.

16. As Plaintiff touched one of the packages which were still being held by Inspector Purnavel, Detective Luis Cotes immediately arrested plaintiff, and numerous other

law-enforcement personnel appeared and entered his dwelling. These individuals were later identified as members of Homeland Security Investigations ("HSI").

17.     A search by the members of HSI of the residence was immediately conducted, and although plaintiff asked to see a Search Warrant, his request was refused. In less than half an hour, the search was terminated, and plaintiff was arrested and transported by HSI to the NYPD's 90th Precinct, where his custody was transferred to the NYPD and DOC.

18.     At no time was the arrest of the plaintiff made with probable cause or reasonable suspicion that he had committed any crime.

19.     Plaintiff was held at the police precinct, and after several hours, was transferred to the Central Booking area.

20.     The following evening, while in the custody of the NYPD and/or DOC, plaintiff was restrained with plastic zip-ties, was aimlessly moved about the facility with no explanation, and was insulted, intimidated, harassed, threatened, pepper sprayed, beaten and surrounded by numerous officers (NYPD and/or DOC personnel, *i.e.*, JOHN DOES #1 through #10) including, upon information and belief, an individual named D. H. Martinez. These persons forcibly lifted plaintiff from the ground and carried him to an unknown location while he was in extreme pain due to a right arm injury they had caused.

21.     Plaintiff was told he was being taken to the showers, and was placed, fully clothed and still bound by zip ties, into a metal cubicle in which he could not turn around. The shower water was turned on, and the water temperature grew from cold, to warm, to hot, to scalding. His pleas and screams elicited nothing but laughter from those outside the cubicle. Eventually, plaintiff passed out.

22. When plaintiff regained consciousness, he found himself on the floor of the shower, at which time scalding water was still falling upon him from the showerhead. Upon information and belief, that water had been turned on by unknown NYPD and/or DOC personnel.

23. This scalding shower caused plaintiff to suffer first-degree burns upon his neck, chest, shoulder and abdomen. The NYPD and DOC personnel refused to allow him to see a doctor or go to a hospital as they termed his injuries "insignificant". Instead, they took him their "clinic". After being assessed by a physician who clearly did not believe plaintiff himself was a physician but then used a computer to research his credentials, the doctor could not avoid the fact that there was clear evidence that he had been scalded over his head, neck, back, stomach, chest, arms, and parts of his upper legs. He was given a single 5-325 Percocet and was told that he was not going to be released, but that now it was time to go to jail.

24. Plaintiff then was moved to Riker's Island and placed in protective custody, and he was treated the following day by City Health + Hospitals medical personnel.

25. On his final day in jail, Plaintiff was loaded onto a bus en-route to court and was handcuffed to another inmate. The handcuffs were extremely painful as his arms were significantly bruised and his right arm in particularly was severely hurt from being lifted and beaten before having been thrown in the shower. As the bus bounced, plaintiff had to make physical adjustments to keep the cuffs from grinding into his injuries, which angered the man to which he was handcuffed, which resulted in a series of beatings by that man which were administered each time plaintiff flinched. These beatings took place in full view of corrections officers on the bus, but who did nothing to stop the attacks.

26. At all times during the events described above, the defendants were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual NYPD officers and DOC personnel assisted each other in performing the various actions described, and lent their physical presence and support and the authority of their office to each other during said horrific events. They failed to intervene in the obviously illegal actions of their fellow officers and personnel as described against plaintiff.

27. Plaintiff was held in court for the balance of the day. He was not permitted to speak with a lawyer, a judge, or anyone who would explain what was going on. It was not until the end of the day that a DOC officer came to the cell in which he was being held and said, 'you're being released'. Within 20 minutes he was released, left standing outside in downtown Manhattan, wearing khaki scrubs, and shoes with no laces on a cold snap in March, in the evening, completely disoriented. Plaintiff walked from the courthouse to his apartment in Williamsburg.

28. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## FACTUAL ALLEGATIONS

29. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a) Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b) Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

  c) Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

  d) Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

  e) Physical pain and suffering;

  f) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience and anxiety; and,

  g) Loss of liberty.

## FIRST CAUSE OF ACTION
### (42 USC §1983)

30. The preceding paragraphs are hereby incorporated by reference.

31. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights, and are liable to plaintiff under 42 USC §1983.

32. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

33. Defendants falsely arrested and wrongfully confined plaintiff, and failed to intervene in each other's obviously illegal acts.

## SECOND CAUSE OF ACTION
## (MUNICPAL AND SUPERVISORY LIABILITY)

34. The preceding paragraphs are hereby incorporated by reference.

35. The City of New York is liable for the damages suffered by plaintiff as a result of the conduct of its employees, agents and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, it failed to remedy the wrong; in that it has created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and in that it has been grossly negligent in managing subordinates who caused the unlawful condition or event(s). The City has been alerted to the regular use of excessive force and false arrests by its police officers and excessive force by its correction officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

36. The aforesaid events were not isolated instances. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial ruling suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of its police and corrections officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging and reporting instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

37. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers involved in this matter to violate plaintiff's civil rights, without fear of reprisal.

38. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

39. The City is liable for the damages suffered by plaintiff as a result of the conduct of its employees, agents, and servants, in that, after learning of its employees' violation of plaintiff's constitutional rights, it failed to remedy the wrong; it has created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue and it has been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police and corrections officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this matter.

### THIRD CAUSE OF ACTION
### (CONSPIRACY)

40. The preceding paragraphs are hereby incorporated by reference.

41. Defendants agreed to violate the plaintiff's rights in the manner described above. Further, defendants made an agreement to attempt to cover-up the assaults committed against plaintiff by Detective Cotes and the unnamed corrections officer(s) and/or personnel.

42. Defendants took action in furtherance of this conspiracy by failing to report the assaults committed by them against plaintiff.

43.     Plaintiff was injured as a result of defendants' conspiracy.

### FOURTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

44.     The preceding paragraphs are hereby incorporated by reference.

45.     Defendants, acting under color of state law, violated plaintiff's rights pursuant to §§5, 6 and 12 of the New York State Constitution.

46.     A damages remedy here is necessary to effectuate the purposes of §§5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

### FIFTH CAUSE OF ACTION
### (NEGLIGENT HIRING AND RETENTION)

47.     The preceding paragraphs are hereby incorporated by reference.

48.     Defendant City, through the NYPD and DOC, owed a duty of care to plaintiff to prevent the loss of liberty and physical and mental abuse sustained by plaintiff.

49.     Defendant City, through the NYPD and DOC, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to plaintiff or those in a position similar to that of plaintiff as a result of this conduct.

50.     Upon information and belief, defendant officers and/or personnel were incompetent and unfit for their respective positions.

51.     Upon information and belief, defendant City knew or should have known through exercise of reasonable diligence that the officer and/or personnel defendants were

potentially dangerous and had previously falsely arrested civilians without probable cause, or had used excessive force against those being placed under arrest or while in custody.

52. Because of the defendant City's negligent hiring and retention of defendant officers and/or personnel, plaintiff incurred the damages described above.

## SIXTH CAUSE OF ACTION
## (RESPONDEAT SUPERIOR)

53. The preceding paragraphs are hereby incorporated by reference.

54. Defendants' intentional tortuous acts were undertaken with the scope of their respective employment by defendant City, and in furtherance of defendant City's interest.

55. As a result of defendants' tortious conduct in the course of their respective employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

## JURY DEMAND

56. Plaintiff demands a trial by jury.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and,

D. Granting such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         June 10, 2020

                                        Hogan & Cassell LLP

                                        _____
                                        Michael Cassell, Esq.
                                        *Attorney(s) for Plaintiff*
                                        500 North Broadway, Suite 153
                                        Jericho City, NY 11753
                                        Tel.: (516) 942-4700

To:  NEW YORK CITY
     CORPORATION COUNSEL'S OFFICE
     100 Church Street, 4th Floor
     New York, New York   10007

     NEW YORK CITY DEPARTMENT
     OF CORRECTION
     Cynthia Brann, Commissioner
     75-20 Astoria Boulevard
     East Elmhurst, New York   11370

     Detective Luis Cotes
     c/o N.Y.P.D. 90th Precinct
     211 Union Avenue
     Brooklyn, New York   11211

     JOHN DOES #1-10
     c/o N.Y.P.D. 90th Precinct
     211 Union Avenue
     Brooklyn, New York   11211